ALBERT T. CANNADY v. NORTH CAROLINA WILDLIFE RE-
    SOURCES COMMISSION AND THE COMMISSIONERS: ROSCOE D.
    STANLEY, W. K. ANDERSON, WILLIAM C. BOYD, WALLACE E.
    CASE, ROY A. HONEYCUTT, CLYDE P. PATTON, HENRY E.
    MOORE, JAY WAGNER, DEWEY E. WELLS, AND B. E. WILSON

No. 76SC234

(Filed 21 July 1976)

Animals § 7— prohibiting caging of black bears — constitutionality of
    statutes
        Statutes prohibiting the caging of a black bear and allowing possession of a black bear only without caging under conditions simulating a natural habitat upon approval of the Wildlife Resources Commission do not provide for the taking of property without just compensation and do not violate due process and equal protection. G.S. 19A-10 *et seq.*

APPEAL by plaintiff from *Lanier, Judge.* Judgment signed 26 November 1975 in Superior Court, CRAVEN County. Heard in the Court of Appeals 14 June 1976.

Plaintiff has owned a black bear for several years. Article 2 of Chapter 19A of the General Statutes became effective 1 July 1975. The act makes it unlawful to buy, sell or possess a black bear (Ursus americanus) except as provided by the article.

Plaintiff started this action to restrain defendant from enforcing the act against him and alleged that the article was unconstitutional on its face and as applied against him.

The case was heard by the judge without a jury. From judgment dismissing the action, plaintiff appealed.

*Attorney General Edmisten, by Deputy Attorney General Millard R. Rich, Jr., for the State.*

*Ernest C. Richardson III, for plaintiff appellant.*

VAUGHN, Judge.

The act in question is as follows:

§19A-10. *Unlawful to buy, sell or enclose (except as provided) black bear.* Except as otherwise provided in applicable statutes, it shall be unlawful for any person to buy or sell black bears or for any person, firm or corporation to possess or keep any black bear (Ursus americanus) in any enclosure, pen, cage, or other place or means of captivity except as hereinafter provided. (1975, c. 56, s. 1.)

§19A-11. *Inapplicable to bona fide zoos, etc.* The provisions of this Article shall not apply to bona fide zoos which are operated by federal, State, or local governmental agencies, or to educational institutions in which black bears are kept or exhibited as part of a bona fide course of training or research in the natural sciences, or to black bears held without caging under conditions simulating a natural habitat, the development of which is in accord with plans and specifications developed by the holder and approved by the Wildlife Resources Commission. (1975, c. 56, s. 2.)

§19A-12. *Possession of black bear on July 1, 1975; surrender of bear; modification of facilities; forfeiture.* Any person, firm or corporation in possession of a black bear on July 1, 1975, under an existing permit issued by the Wildlife Resources Commission, where the conditions under which such black bear is held are in violation of this Article, may immediately surrender such black bear and such permit to the Wildlife Resources Commission which shall compensate such person, firm or corporation in the amount actually paid for such bear not to exceed the sum of one hundred dollars ($100.00) for any one bear. In lieu of surrendering such black bear and such permit, any such person, firm or corporation may give immediately written notice to the Wildlife Resources Commission that plans and

Cannady v. Wildlife Resources Comm.

specifications for facilities to hold such bear without caging under conditions simulating a natural habitat will be submitted to the Commission for approval within 30 days thereafter. In the event such plans and specifications are not submitted within the time thus limited, or they are disapproved by the Commission, or the facilities are not completed in accordance therewith within 60 days after approval by the Commission, continued possession of a black bear by such person, firm or corporation after any of such events shall constitute a violation of the provisions of this Article, and any such black bear shall be forfeited to the Wildlife Resources Commission without compensation. (1975, c. 56, s. 3.)

§19A-13. *Violation of Article.* Violation of the provisions of this Article shall constitute a misdemeanor punishable by a fine of not less than five hundred dollars ($500.00) or by imprisonment for not less than 90 days. (1975, c. 56, s. 4.)

§19A-14. *Enforcement of Article.* Law enforcement officers of the Wildlife Resources Commission and all other peace officers are authorized and empowered to enforce the provisions of this Article. (1975, c. 56, s. 5.)"

In essence, plaintiff contends that the act is unconstitutional because: (a) it provides for the taking of property of the plaintiff without just compensation (b) it provides for the taking of the property of plaintiff without due process of law (c) it does not provide equal protection under the state and federal constitutions.

The authority of the State to provide for the protection of animals has long been recognized. The purpose of the statute in question is to provide for the protection of bears and to require that, when they are kept in captivity, adequate standards for their care and comfort be maintained. There was absolutely no evidence that the standards promulgated by the Wildlife Resources Commission were unreasonable. There was, therefore, no "taking" of private property so as to involve "just compensation" or "due process." Although the statute does provide compensation up to $100.00 for those electing to surrender their bears, one is not required to give up his bear if he elects to comply with the minimum standards for keeping them in captivity.

We also conclude that plaintiff's argument that the act is unconstitutional because it denies him equal protection of the laws is without merit. Plaintiff bases his argument on the exemptions from the provisions of the article set out in G.S. 19A-11. We hold that there is a rational basis for excepting bona fide zoos operated by governmental agencies from the provisions of the act.

The judgment of the trial court is affirmed.

Affirmed.

Judges MORRIS and CLARK concur.